IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RET. SGT. CRAIG T. BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-416-GBW |
| | ) | |
| ERIC J. BANNON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

At Wilmington, this 16th day of April 2025, *pro se* Plaintiff Ret. Sgt. Craig T. Bennett, having moved for reconsideration (D.I. 11) regarding the Court's October 2024 Order (D.I. 9), which dismissed the April 2024 Complaint (D.I. 2) and closed this case because the record did not reflect that service of process had been perfected, in accordance with Federal Rule of Civil Procedure 4;

WHEREAS a motion for reconsideration must "correct manifest errors of law or fact or . . . present newly discovered evidence," *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999), rather than asserting facts or arguments that "inexcusably were not presented to the court in the matter previously decided," *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990);

WHEREAS, to the extent that Plaintiff's motion is also intended as a motion for reargument, it must show that "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension," *Brambles USA*, 735 F. Supp. at 1241 (citations omitted); *see also* D. Del. LR 7.1.5;

WHEREAS, to the extent that Plaintiff's motion is otherwise intended as motion to alter or amend judgment, pursuant to Federal Rule of Civil Procedure 59(e), it "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice," *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); and

WHEREAS, to the extent that Plaintiff's motion is otherwise intended as motion for relief from final order, pursuant to Federal Rule of Civil Procedure 60(b), it must be based on one of five specified grounds, *see* Fed. R. Civ. P. 60(b)(1)-(5), or "extraordinary circumstances," *Martinez-McBean v. Gov't of Virgin Islands*, 562 F.2d 908, 911 (3d Cir. 1977);

IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration (D.I. 11) is **DENIED without prejudice to renewal**, as it does not show any newly discovered evidence or any error in law or fact in the Court's October 2024 Order

(D.I. 9) warranting reconsideration, *see Max's Seafood Café ex rel. Lou-Ann, Inc.*, 176 F.3d at 677, and neither Plaintiff's motion, nor the postal receipts filed (D.I. 10), cure the service issue that led to dismissal, or otherwise warrant reargument, alteration or amended, or relief from the October 2024 Order; and

IT IS FURTHER ORDERED that, should Plaintiff file a second motion for reconsideration, it must include as attachments proof of service on Defendants, showing that service of process has been perfected, in accordance with Federal Rule of Civil Procedure 4.

_____
The Honorable Gregory B. Williams
United States District Judge